20-568
Singh v. Garland

BIA
Brennan, IJ
A208 203 252

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

MANINDER SINGH,
> *Petitioner*,

v.                                                                No. 20-568
                                                                       NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent*.

_____

**FOR PETITIONER:** Dalbir Singh, Dalbir Singh & Associates, P.C., New York, NY.

**FOR RESPONDENT:** Jeffrey Bossert Clark, Acting Assistant Attorney General; Juria L. Jones, Acting Senior Litigation Counsel; John F. Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Maninder Singh, a native and citizen of India, seeks review of a January 16, 2020 decision of the BIA affirming a March 27, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Maninder Singh*, No. A 208 203 252 (B.I.A. Jan. 16, 2020), *aff'g* No. A 208 203 252 (Immig. Ct. N.Y. City Mar. 27, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings, including its adverse credibility determination, for substantial

2

evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). We review questions of law de novo. *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

Singh's challenge to the denial of his requests for asylum and withholding of removal turns on whether he established "a sufficiently strong nexus" between the harm he suffered and a protected ground such as race, religion, nationality, membership in a particular social group, or political opinion. *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010); *see also* 8 U.S.C. §§ 1158(b)(1)(B)(i) (asylum), 1231(b)(3)(A) (withholding). Singh alleges that members of a political party threatened and beat him to stop him from testifying against a party member who was involved in a hit-and-run car accident. As discussed below, Singh did not make a credible claim of nexus to his religion, and his political opinion claim is unexhausted and waived.

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant" and inconsistencies among and within an applicant's statements. 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain

3

that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's partial adverse credibility determination as to Singh's claim of religious persecution.

The agency reasonably found Singh not credible in light of his demeanor and "elusive and evasive" testimony about his alleged religious persecution. Certified Administrative Record at 18. We generally defer to such a finding because "[a] fact-finder who assesses testimony together with witness demeanor is in the best position to discern[] . . . whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted script." *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (quotation marks omitted); *see also Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) (giving "particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor"). Moreover, the record is devoid of any evidence corroborating Singh's halting testimony connecting his persecution to his status as a Sikh.

The agency also reasonably relied on an inconsistency between Singh's

4

interview statements, application, and hearing testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). At his credible fear interview, Singh stated that he was targeted for no other reason than that he witnessed the car accident; he explicitly denied having been harmed because of his religion or fearing future harm because of his religion. He also said nothing on direct examination in his removal proceedings about fearing harm based on his religion. And yet, when Singh was reminded on cross-examination that he had told a border agent that he feared religious persecution, he claimed once more that that was true, offering only vague and unresponsive explanations for the inconsistency that the agency was not "compelled to credit." *Majidi*, 430 F.3d at 80 (emphasis omitted). This inconsistency and the demeanor finding provide substantial evidence for the agency's conclusion that Singh did not state a credible claim of religious persecution. *See Xiu Xia Lin*, 534 F.3d at 167 (holding that "an IJ may rely on *any* inconsistency . . . in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible") (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Singh argues that he established a nexus between his persecution and the protected ground of political opinion, but we do not address Singh's political

opinion claim because it is waived and unexhausted. Singh's conclusory assertions in his brief are insufficient to preserve the issue for our review. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming petitioner's "claim abandoned" where he raised an issue in "only a single conclusory sentence"); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court